UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ************************************ | * | CIVIL CASE NO. |
| JOSE ALCAYAGA | * | |
| Plaintiff | * | |
| vs. | * | |
| METRO-NORTH COMMUTER RAILROAD COMPANY | * | |
| Defendant | * | NOVEMBER 25, 2013 |
| ************************************ | * | |

## COMPLAINT

## JURISDICTION

The Plaintiff is a resident of the State of Connecticut. The Defendant is incorporated and has a principal place of business in a state or states other than Connecticut. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391. This Complaint is filed in accordance with Fed. R. Civ. P. 15(a)(1).

### COUNT ONE: JOSE ALCAYAGA: BREACH OF DUTY OF COMMON CARRIER

1.     The defendant, Metro-North Commuter Railroad Company ("Metro-North"), is a foreign (New York) corporation doing business in the State of Connecticut, with a place of business in New Haven, Connecticut.

1

2. On May 17, 2013, the defendant Metro-North was in possession and control of a railroad track, M8 railcars, related signals and track circuitry located in the City of Bridgeport, Connecticut.

3. On May 17, 2013, Jose Alcayaga, a resident of Connecticut, was a passenger aboard a Metro-North train, originating in New Haven at Union Station, westbound on the New Haven line, within the City of Bridgeport.

4. On the above date at the above location, a passenger train operated by Metro-North, through its agents, servants and/or employees, was traveling eastbound along the tracks in Bridgeport, Connecticut.

5. At the above time and place, the passenger train carrying the plaintiff and other passengers was struck by a Metro North passenger train that derailed and a collision ensued causing severe damage and destruction, seriously injuring the plaintiff.

6. The plaintiff's injuries were caused by the misconduct of defendant Metro-North, operating through its agents, servants and/or employees as a consequence of its failure to exercise the highest degree of care required of a common carrier.

7. As a direct and proximate result of the collision and breach of the common carrier duty described herein, the plaintiff suffered, including, but not limited to, the following serious, painful injuries, some or all of which may be permanent in nature:

    a) post-traumatic stress disorder; and

    b) multiple injuries and a shock and stress to his whole nervous system.

8. As a result of the aforesaid injuries, the plaintiff has and will in the future suffer pain and disability, incurred and will in the future incur medical expenses and

sustained and will in the future sustain a reduction of his ability to carry on and enjoy all of life's activities and has incurred a diminution in his earning capacity.

### COUNT TWO: JOSE ALCAYAGA: RECKLESSNESS

1.  The allegations of Count One are incorporated herein.

2.  Upon information and belief and subject to further discovery, the defendant recklessly breached its duties under Federal Law by allowing the subject train to pass over defective rails in violation of 49 C.F.R. § 213.113, by permitting a rail end mismatch in violation of 49 C.F.R. § 213.115 and by not ensuring that the subject rail and rail joints were structurally sound in violation of 49 C.F.R. § 213.121.

### COUNT THREE: JOSE ALCAYAGA: UNFAIR TRADE PRACTICES

1.  The allegations of Count One are incorporated herein.

2.  Upon information and belief and subject to further discovery, the defendant breached its duties under Federal Law by allowing the subject train to pass over defective rails in violation of 49 C.F.R. § 213.113, by permitting a rail end mismatch in violation of 49 C.F.R. § 213.115 and by not ensuring that the subject rail and rail joints were structurally sound in violation of 49 C.F.R. § 213.121.

3.  The defendant negligently, recklessly or intentionally misrepresented to the public, including the plaintiff, that it complied and complies with the aforementioned sections of the Code of Federal Regulations and that it operates its trains and track system "in the safest possible manner", thereby inducing passengers to travel on the train and pay fares. Had passengers, including the plaintiff, been aware of the breaches of duty by the defendant they would not have purchased tickets and would not have boarded the subject train.

4. As a result of the defendant's unfair and deceptive acts and practices, the plaintiff suffered and will continue to suffer ascertainable economic loss, including the purchase price of his ticket, medical expenses, loss of wages and earning capacity and non-economic damages.

5. The defendant, by engaging in part or all of the conduct mentioned in the above paragraphs, in its trade or business, committed one or more violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, *et seq.*

6. The aforesaid actions and practices are immoral, oppressive, unscrupulous, and/or offend public policy.

7. The aforesaid acts and practices caused substantial injury and economic harm to the plaintiff.

**WHEREFORE**, the plaintiff demands compensatory and punitive damages pursuant to the common law and CUTPA, General Statutes § 42-110a, *et seq.* and attorneys' fees in accordance with CUTPA, General Statutes § 42-110a, *et seq.*

## DEMAND FOR TRIAL BY JURY

The plaintiff demands a trial by jury on all counts of this Complaint.

THE PLAINTIFF,
JOSE ALCAYAGA

By: _____
JOEL T. FAXON (ct16255)
MICHAEL A. STRATTON (ct08166)
STRATTON FAXON
TRIAL LAWYERS, LLC
59 ELM STREET
NEW HAVEN, CT  06510
TELEPHONE NO.  203-624-9500
mstratton@strattonfaxon.com
jfaxon@strattonfaxon.com
www.strattonfaxon.com

5